UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSE FREDDY QUINTANILLA and MAURO GONZALEZ,
and on behalf of themselves and all others similarly situated,

                           Plaintiff,                                         **COLLECTIVE AND CLASS ACTION COMPLAINT**

    -against-

GOOD EATS MEAL PLAN CORP., d/b/a GOOD EATS, PAUL RIEDEL, AND JOHN MUNSON,             No. 18-4350

                                                               **Jury Trial Demanded**

                           Defendants.

-------------------------------------------------------------------------X

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Jose Freddy Quintanilla ("Jose") and Mauro Gonzales ("Mauro") on behalf of themselves and all others similarly situated, by and through their attorneys, FAMIGHETTI & WEINICK, PLLC and LEEDS BROWN LAW P.C., alleges upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1. This is a civil action based brought by Plaintiffs on their behalf and on behalf of similarly situated employees, alleging Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., and the New York State Labor ("NYLL"), Article 6 § 190 *et. seq.* to recover, *inter alia*, unpaid wages, overtime compensation, and other penalties owed to Plaintiffs by Defendants.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Supplemental jurisdiction is invoked over State and local causes of action pursuant to 28

U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action, occurred in this district.

**PARTIES**

4. Jose is an individual residing in the County of Nassau, State of New York.

5. Mauro is an individual residing in the County of Nassau, State of New York.

6. Good Eats Meal Plan Corp. ("Good Eats") is a business corporation incorporated in New York with its principal place of business at 104 Merrick Road, Amityville, County of Suffolk, New York.

7. Paul Riedel is a co-owner of Good Eats.

8. John Munson is a co-owner of Good Eats and its executive chef.

9. Accordingly, Riedel and Munson had the authority to hire and fire Good Eats employees and were responsible for setting and enforcing the employee pay policies and practices alleged herein.

**FACTS**

10. Good Eats is in the business of preparing, then shipping or delivering, meals to

customers.

11. Good Eats delivers to local customers, but also ships meals to customers in other states, thereby engaging in interstate commerce.

12. Good Eats earned more than $500,000 in revenue per year during the relevant time period.

13. Good Eats operated physical locations including an Amityville, New York location where Plaintiffs worked, and an East Meadow, New York location.

14. In June 2013, Defendants hired Mauro as a cook.

15. Mauro worked essentially as a line cook, preparing food in accordance with instructions from the executive chef and other supervisors.

16. Mauro did not have any responsibilities with respect to creating recipes or menus.

17. Upon his hire and throughout his employment, Mauro was scheduled to work more than 40 hours in a workweek and, in fact, worked more than 40 hours in a workweek throughout his employment with Defendants.

18. In February 2017, Defendants hired Jose.

19. Jose was also a line cook, he did not create menus or recipes, and he was scheduled for, and in fact worked, more than 40 hours per week.

20. By way of example only, during the week of October 1, 2017 to October 7, 2017, the plaintiffs each worked the following schedule:

    Mauro:    7:00a.m. to 10:00p.m. Monday through Saturday.

    Jose:    7:00a.m. to 10:00p.m. Monday through Saturday.

21. Accordingly, during the October 1, 2017 to October 7, 2017 workweek, each Plaintiff worked more than 40 hours but was not paid 1.5 times their regular rate of pay for these days.

22. Instead, Defendants paid Mauro as follows: (1) From about June 2013 until December 2013, Defendants paid Mauro $11 per hour, for every hour that he worked; (2) from about January 2014 until 2015, he was paid $12 per hour, for every hour that he worked; and (3) from 2015 until the end of his employment, the Defendants changed their payment scheme and paid Mauro $15 per hour for the first 25 hours that he worked in a week, then $12 per hour for all remaining hours, including the overtime hours.

23. Further, Defendants paid Mauro "on the books" for the first 25 hours he worked each week, but paid him the hours he worked over the first twenty five (25) "off the books."

24. Thus, Defendants did not provide to Mauro wage statements for the weekly hours he worked that exceeded the first 25 as required under the New York Labor Law.

25. Defendants paid Jose $13 per hour, for all hours worked, including overtime hours.

26. Throughout Jose's employment, Defendants paid him, "off the books."

27. Thus, throughout Jose's employment, Defendants did not provide to Jose wage statements as required under the New York Labor Law.

28. The October 1st workweek detailed above is provided as an example of a typical workweek.

29. But, Defendants unlawful wage payment practices continued throughout the duration of Plaintiffs' employment with Defendants.

30. Typically, Jose worked 90 hours per week, oftentimes working more than 10 hours in a day, but Defendants did not pay him overtime rates of pay.

31. Typically, Mauro worked 90 hours per week, but Defendants did not pay him overtime pay.

32. Regardless, Defendants did not provide to Plaintiffs at any time during their employment, a New York State Labor Law compliant wage notice or statement indicating, among other things, Plaintiffs' regular rate of pay and overtime rate of pay.

33. Since plaintiffs last date of employment, Good Eats Café and Good Eats Bistro have closed, but Defendants continue to operate other satellite restaurant locations, including one within "Big Al's family fitness" gym located in Amityville, New York.

34. Jose stopped working for Defendants in August or September 2017.

35. Mauro stopped working for Defendants on November 30, 2017.

### COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring claims under the FLSA as an "opt-in" collective action on behalf of all similarly situated employees of Defendants pursuant to 20 U.S.C. § 216(b).

37. The "Collective Class" is defined as: "All current and former non-exempt employees are will, are, or have worked for Defendants from within three years of the commencement of this action and who have not been paid one and one-half times their regular rate for hours worked in excess of forty hours per week."

38. Plaintiffs, on behalf of themselves and the Collective Class, seek relief on a collective basis challenging Defendants' failure to pay a premium for overtime hours, and failure

to furnish accurate wage statements and wage notices to Plaintiffs and the Collective Class.

39. Plaintiffs are similarly situated to other members of the Collective Class because they and the Collective Class have been subjected to the same unlawful wage payment practices of Defendants which deprived them and the Collective Class of overtime premiums, accurate wage notices, and accurate wage statements.

40. Plaintiffs' experiences are typical of the experiences of the other Collective Class members.

41. The Defendants' failure to pay overtime wages at the rates required by the FLSA results from generally applicable policies and practices, namely Defendants' policy of not paying overtime premium pay and failing to furnish accurate wage statements and wage notices to their employees. This policy and practice does not depend on the personal circumstances of any individual members of the Collective Class.

## CLASS ACTION ALLEGATIONS

42. Plaintiffs bring their New York State Law overtime claims as a class action pursuant to FRCP 23, on behalf of a class consisting of: All non-exempt employees of Defendants who were paid less than one and one-half times their regular rate for all hours worked in excess of forty hours per week, and at any time from six years prior to the date of filing of the initial Complaint through the entry of judgment in this action (the "NY Overtime Class") premium for overtime hours.

43. Plaintiffs bring their New York State claim for failure to provide wage rate notifications pursuant to FRCP 23, on behalf of a class consisting of: All employees who worked for Defendants at any time from six years prior to the date of filing of the initial Complaint through the entry of judgment in this action (the "WTPA Class").

44. The number of Rule 23 Class members identified above are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

45. Common questions of law and fact predominate over questions limited to individual Rule 23 Class members. These questions include:

a. Whether Defendants paid members of the NY Overtime Class one and one-half times the hourly rate for all hours worked in excess of forty hours per workweek;

b. Whether Defendants issued notifications of pay rate consistent with the requirements of the Wage Theft Prevention Act;

c. Whether Defendants' conduct was willful, intentional and/or not in good faith; and

d. Whether Defendants should be ordered to compensate Plaintiffs and the members of the Rule 23 Classes in an amount equal to the unpaid overtime.

46. The claims of the Plaintiffs are typical of the claims of the Class members they seek to represent. The Plaintiffs and the other members of the Rule 23 Classes were subject to the same unlawful policies of Defendants resulting in unpaid overtime.

47.     Plaintiffs and their counsel will fairly and adequately protect the interests of the Rule 23 Classes.  Plaintiffs have no interests antagonistic to the interests of the Classes, and have retained counsel experienced in wage and hour and class action litigation.

48.     A class action is superior to other available methods to adjudicate this controversy.  Plaintiffs and members of the Rule 23 Classes lack the resources to adequately prosecute separate claims and the amounts that each individual stands to recover make individual cases impractical to pursue.  The only practical chance for the workers to recover the wages owed to them is through a class action.

## **FIRST CLAIM**
(FLSA - OVERTIME)

49.     Plaintiffs bring this claim on behalf of themselves and the Collective Class.

50.     Defendants have failed to pay Plaintiffs and members of the Collective Class an overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the FLSA.

51.     Such violation was part of Defendants' regular business practice and constituted a pattern, practice, and/or policy.

52.     Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide

9

proper wage notices to employees.

## SECOND CLAIM
(NYLL - Overtime)

53. Plaintiffs bring this claim on behalf of themselves and the NY Overtime Class.

54. Defendants have failed to pay Plaintiffs and members of the NY Overtime Class an overtime premium for all hours worked in excess of forty hours in a workweek, in violation of the NYLL.

55. Such violation was part of Defendants' regular business practice and constituted a pattern, practice, and/or policy.

56. Defendants' conduct was willful, intentional, and/or not in good as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide proper wage notices to employees.

## THIRD CAUSE OF ACTION
(NYLL – Wage Theft Prevention Act)

57. Plaintiffs bring this claim on behalf of themselves and the Wage Theft Class.

58. Defendants failed to provide to Plaintiffs and members of the WTPA Class, notifications of pay rate in the form and at the times directed by the NYLL Wage Theft Prevention Act, NYLL 195(1)(a), and NYLL 195(3).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs seek a trial by jury of all issues so triable in this action.

Dated: Melville, New York
       August 1, 2018

                              FAMIGHETTI & WEINICK, PLLC
                              *Attorneys for Plaintiff*
                              25 Melville Park Road, Suite 235
                              Melville, N.Y. 11747
                              (631) 352-0050

               By:     /s/ Matthew Weinick
                          MATTHEW WEINICK

                              LEEDS BROWN LAW, P.C.
                              One Old Country Road, Suite 347
                              Carle Place, New York 11514
                              (516) 873-9550

               By:         /s/
                          MICHAEL A. TOMPKINS

# CONSENT TO JOIN COLLECTIVE ACTION TO RECOVER UNPAID WAGES

BY SIGNING BELOW I, _Mauro H. Gonzalez_, WISH TO PARTICIPATE IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER THE FAIR LABOR STANDARDS ACT AGAINST GOOD EATS MEAL PLAN CORPORATION AND ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.

I hereby appoint Jeffrey Brown of the law firm Leeds Brown, Law P.C., One Old Country Road, Suite 347, Carle Place, NY , 11514-1851, telephone (800)585-4658, and Matthew Weinick of the law firm Famighetti & Weinick, PLLC, 25 Melville Park Road, Suite 235, Melville, New York 11747 telephone (631) 352-0050, as my attorneys.

**Name (print) :** Mauro H. Gonzalez
**Address :** 9 madison St.
**City :** Massapequa   **State :** N.Y.   **Zip Code:** 11758
**Signature :** [signed]   **Date:** 6/13/18

# CONSENT TO JOIN COLLECTIVE ACTION TO RECOVER UNPAID WAGES

BY SIGNING BELOW I, Jose Cruz Quintamilla, WISH TO PARTICIPATE IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER THE FAIR LABOR STANDARDS ACT AGAINST GOOD EATS MEAL PLAN CORPORATION AND ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.

I hereby appoint Jeffrey Brown of the law firm Leeds Brown, Law P.C., One Old Country Road, Suite 347, Carle Place, NY , 11514-1851, telephone (800)585-4658, and Matthew Weinick of the law firm Famighetti & Weinick, PLLC, 25 Melville Park Road, Suite 235, Melville, New York 11747 telephone (631) 352-0050, as my attorneys.

Name (print): Jose Cruz Quintamilla
Address: 477 BREKLEY ST
City: Uniondale   State: NY   Zip Code: 11553
Signature: [signed]   Date: 6/13/18