```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X      For Online Publication Only
JOSE FREDDY QUINTANILA and MAURO
GONZALEZ, on behalf of themselves and all other
persons similarly situated,
                                                                             **ORDER**
                                                   Plaintiffs,               18-CV-04350 (JMA) (GRB)


              -against-
                                                                             **FILED**
                                                                             **CLERK**
GOOD EATS MEAL PLAN CORP, d/b/a GOOD EATS,
PAUL RIEDEL, and JOHN MUNSON,                                                5/1/2019 11:40 am

                                                                             **U.S. DISTRICT COURT**
                                                                             **EASTERN DISTRICT OF NEW YORK**
                                                   Defendants.               **LONG ISLAND OFFICE**
----------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Before the Court is plaintiffs' motion for default judgment against defendants Good Eats Meal Plan Corp., d/b/a Good Eats ("Good Eats") and Paul Riedel for the defendants' failure: (1) to pay overtime wages in violation of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL") § 650 et seq.; and (2) to provide each plaintiff with the notice and information required by NYLL §§ 195(1) and 195(3). Plaintiffs further request attorneys' fees and costs. For the reasons stated herein, plaintiffs' motion for a default judgment is GRANTED against Good Eats and Paul Riedel.

## I. DISCUSSION

### A. Defendants Defaulted

Defendants Good Eats and Paul Riedel were properly served in the action, but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

However, the Court's records reflect that plaintiffs have not properly served defendant John Munson. The complaint in this action was filed on August 1, 2018 and plaintiffs were required to

serve Munson within 90 days—by October 30, 2018—or show good cause why they could not effectuate service. See Fed. R. Civ. P. 4(m). However, to date, plaintiffs have not filed proof of service on Munson, nor requested an extension of time to effectuate service. Nor did plaintiffs serve the instant motion on Munson. Accordingly, plaintiffs are only entitled to a default judgment against Good Eats and Paul Riedel.

Based on the foregoing, unless plaintiffs file proof of timely service on Munson, or show good cause why service has not been effected within fourteen (14) days of this Order, the claims against Munson will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to prosecute.

**B. Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish the liability of Good Eats and Riedel under the FLSA and NYLL.

**C. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency,

Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by plaintiffs by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012). The Court finds that plaintiffs' submissions, including the declarations and attached exhibits, establish the damages for each individual plaintiff to a reasonable certainty.

Accordingly, the plaintiffs are entitled to damages as follows:

| Plaintiff | Unpaid Overtime Wages | Liquidated Damages | Statutory NYLL § 195(1)(a) Damages | Statutory NYLL § 195(3) Damages | Total |
|---|---|---|---|---|---|
| Jose Freddy Quintanilla | $9,750.00 | $9,750.00 | $5,000.00 | $5,000.00 | $29,500.00 |
| Mauro Gonzalez | $72,642.00 | $72,642.00 | $5,000.00 | $5,000.00 | $155,284.00 |

**D. Attorneys' Fees and Costs**

Plaintiffs also request an award of $9,116.00 in attorneys' fees and $637.14 in litigation costs incurred in litigation this action. Plaintiffs are entitled to reasonable attorneys' fees and costs under both the FLSA and NYLL. 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1); see also Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013) (summary order). In determining a reasonable attorneys' fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

In support of their application for attorneys' fees, plaintiffs include declarations from Michael A. Tompkins and Matthew Weinick, which include the contemporaneous billing records for the two law firms representing the plaintiffs. Plaintiffs request $350 per hour for 13.9 hours of work done by Matthew Weinick, a partner at Famighetti & Weinick, PLLC; $410 per hour for 5.6 hours of work done by Michael Tompkins, a senior associate at Leeds Brown, P.C.; $125.00 for 15.4 hours of work done by two paralegals at Leeds Brown, P.C.; and $100 per hour for .3 hours of work done by Thalia Olaya, a law student working for Famighetti & Weinick, PLLC.

"Courts in this district regularly award hourly rates ranging from $300 to $400 for experienced attorneys in FLSA cases." Williams v. Ernie Tropical Jerk & Seafood Ctr., Inc., No. 15-CV-4710, 2016 WL 8711489, at *5 (E.D.N.Y. Aug. 22, 2016), report and recommendation adopted as modified, 2016 WL 8711078 (E.D.N.Y. Sept. 9, 2016). The Court thus finds that the rate of $350 per hour for Mr. Weinick, a partner at Famighetti & Weinick, PLLC, is appropriate. However, the Court finds that the rate of $410 per hour for Mr. Tompkins, a senior associate at Leeds Brown, P.C. is excessive, and Mr. Tompkins includes no authority to support this requested billing rate. Accordingly, based on the experience and seniority of Mr. Tompkins, and the case law in this district, the Court reduces his rate to $300 per hour.

Additionally, the Court agrees that the rate of $100 per hour for the law student, Thalia Olaya, is reasonable and within the prevailing, hourly rates in this district. However, again, plaintiffs have not provided any authority regarding the prevailing market rate for paralegals in this district. Accordingly, the Court awards $100 per hour for the 15.4 hours of work done by the paralegals at Leeds Brown, P.C. See, e.g. Lopez v. PMMT Inc., No. 14-CV-2057, 2016 WL 7633264, at *16 (E.D.N.Y. Aug. 25, 2016), report and recommendation adopted, 2017 WL 27943 (E.D.N.Y. Jan. 3, 2017) (approving $100 per hour for paralegals in FLSA case).

Plaintiffs are thus awarded $350 per hour for 13.9 hours of work done by Matthew Weinick, a partner at Famighetti & Weinick, PLLC; $300 per hour for 5.6 hours of work done by Michael Tompkins, a senior associate at Leeds Brown, P.C.; $100.00 for 15.4 hours of work done by two paralegals at Leeds Brown, P.C.; and $100 per hour for .3 hours of work done by Thalia Olaya, a law student working for Famighetti & Weinick, PLLC, for a total attorneys' fee award of $8,115.00.

Finally, the Court finds that plaintiffs request for $637.14 in litigation costs is reasonable and supported by the record annexed to the attorney declarations.

## II. CONCLUSION

For the reasons stated above, plaintiffs' motion for default judgment is granted. Defendants Good Eats Meal Plan Corp., d/b/a Good Eats and Paul Riedel are jointly and severally liable to each individual plaintiff as follows: to Jose Freddy Quintanilla for $29,500.00; and to Mauro Gonzalez for $155,284.00. Good Eats Meal Plan Corp., d/b/a Good Eats and Paul Riedel are also jointly and severally liable to plaintiffs for $8,752.14 in attorneys' fees and litigation costs.

Plaintiffs must file proof of timely service of the complaint on the defendant John Munson or show good cause why service has not been effected within fourteen (14) days of this Order. Should plaintiffs fail to do so, the claims against Munson will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to prosecute and the Clerk of the Court will be directed to mark this case closed and enter judgment.

**SO ORDERED.**

Dated: May 1, 2019
Central Islip, New York

                                                  /s/ (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE